MCDONALD CARANO WILSON LLP
KAARAN E. THOMAS (NV Bar No. 7193)
AMANDA M. PERACH (NV Bar No. 12399)
100 West Liberty Street, 10th Floor
Reno, NV 89505-1670
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
Email: kthomas@mcdonaldcarano.com
aperach@mcdonaldcarano.com
*Counsel for Official*
*Committee of Unsecured Creditors*

***Electronically filed on August 10, 2015***

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

MATHESON FLIGHT EXTENDERS, INC.,

Debtor.

Case No.: BK-N-15-50541-BTB

Chapter 11

**UNSECURED CREDITORS COMMITTEE'S MOTION PURSUANT TO 11 U.S.C. §105 FOR EXPEDITED DETERMINATION THAT SUPPLEMENTAL INJUNCTION PLAN CANNOT BE CONFIRMED**

Hearing Date: September 9, 2015
Hearing Time: 10:00 a.m.
Place: 300 Booth Street
Reno, Nevada

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned case files this Motion Pursuant to 11 U.S.C. § 105 ("Section 105") seeking an expedited determination that the proposed supplemental injunction in the Amended Plan of Reorganization [DE 261] filed by Matheson Flight Extenders, Inc. (Debtor") and its affiliate Matheson Trucking, Inc. ("Trucking") cannot be confirmed. This Motion is based upon the pleadings on file in this case and the points and authorities below. For cause the Committee would show:

1 Debtor and Trucking, Debtor's affiliate who has not filed a bankruptcy proceeding, have filed an "Amended Plan of Reorganization" (the "Plan") whose sole purpose is to protect the assets of Trucking from collection efforts by their creditors. These creditors are owed over 87% of the debt in this case-approximately Sixteen Million Dollars according to the Debtor's Schedules [DE 70]. A hearing to approve the Disclosure Statement for the Plan is set for September 9, 2015 at 10:00 a.m.

2. The Plan proposes to pay these creditors, most of whom are individual workers who suffered workplace discrimination by Debtor,[1] over a fifteen-year period [Disclosure Statement DE 261 page 28] while eliminating the possibility of collecting against Trucking with supplemental injunction that prevents creditors from seeking to collect any debt against Trucking so long as Debtor is implementing the Plan. [See Plan Section 7.8 De 261 pages 20-21]. Debtor proposes to have the injunction considered as part of the confirmation process.

3. The confirmation process will be lengthy and expensive. There will be many issues in dispute including the absolute priority rule, the new value exception and the feasibility of the Plan as well as the proposed injunction. The Committee requests that the Court exercise its equitable powers to avoid these expenses by determining prior to this process that the Amended Plan cannot be confirmed.

4. Section 105 empowers the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title [11]." Bankruptcy Courts have relied upon Section 105 for reasons too numerous to list in this Motion, including to enter orders and take other actions in furtherance of judicial efficiency. In re Salazar, 156 Fed. Appx. 921, 923 (9th Cir. 2005)("We decline to overturn the bankruptcy court's discretionary decision to let a premature payment to the Floreses stand rather than to expend the time and trouble needed to recover the amount and then pay it out again. No argument is made that it could not or would not be paid eventually. See 11 U.S.C. § 105(a)"). The Committee urges that a ruling on the jurisdictional issue will eliminate months of delay and thousands of dollars of expenses.

---

[1] The nature of the "Colorado Plaintiffs" and the settling plaintiffs is discussed in the Disclosure Statement DE 261 and has previously been discussed at length before this Court.

5. A form of post-confirmation injunction was considered and rejected by the Ninth Circuit in the case of In re American Hardwoods, 885 F.2d 621 (9th Cir. 1989). ("American Hardwoods"). In that case the Chapter 11 debtor sought to permanently enjoin a secured creditor (Deutsche Bank) from enforcing a state court judgment against debtor's guarantors. Debtor argued that its plan would likely fail if Deutsche Bank were permitted to carry out its collection efforts. The bankruptcy court and district court both declined to grant the proposed injunction, holding that the court's jurisdiction under Bankruptcy Code Section 105 ended at confirmation. On appeal the Ninth Circuit agreed. Although it distinguished between jurisdiction and power the distinction was irrelevant to its decision.

6. American Hardwoods was followed by In re Rohnert Park Auto Parts, Inc. 113 B.R. 610 (9th Cir. BAP 1990)("Rohnert") in which the Ninth Circuit Bankruptcy Appellate Panel held that a chapter 11 plan provision that barred creditors of the debtor from proceeding against co-debtors for five years did not comply with the Bankruptcy Code discharge provisions and could not meet the requirements of Section 1129 (a). The Rohnert plan contained the following provision: "Pending completion of the Plan, creditors shall be restrained and enjoined from foreclosing security interests in property or security of the Debtor or co-debtors of the Debtor, and taking or employing any legal actions against the Debtor or a co-debtor of the Debtor." The BAP held that "Congress knew how to extend the automatic stay to nonbankrupt parties when it intended to do so." It pointed to the co-debtor stay in Chapter 13.[2] It examined the extent of protection offered under Section 105, relying on the analysis of American Hardwoods. [3]It found that Section 105 did not offer relief in a manner consistent with the provisions of the Bankruptcy Code. It also found that the Section 1129 (a) of the Code required the plan to comply with the more specific provisions of the Code such as Section 524.[4]

---

[2] Rohnert, 113 B.R. at 614.
[3] Id.
[4] Id. See also Downey v. General Interiors, Inc., 19 F.3d 26 (9th Cir. 1994)(Chapter 11 protects the debtor, not its principals or co-debtors.

7. In the more recent case of In re Linda Vista Cinemas, L.L.C., 442 B.R. 724 (Bankr. Ariz. 2010) ("Linda Vista") Judge Marlar wrestled with American Hardwoods and its successor Rohnert , applying the analysis to a plan that enjoined a secured creditor from pursuing its claims against guarantors. Judge Marlar found that the proposed plan, which contained a temporary injunction against collection efforts for the duration of the plan term complied with most of the requirements of the Bankruptcy Code.[5] However, the secured creditor argued the plan violated the provisions of 11 U.S.C. § 524(e).

8. Judge Marlar's decision contains a detailed analysis of American Hardwoods and later cases attempting to extend the relief afforded by the bankruptcy discharge to third parties.[6] The Court noted the earlier Bankruptcy Appellate Panel decision in Rohnert and other authorities. It conceded that the injunction was neither a permanent injunction nor a release of the guarantors' liability. [7] The court also examined the standards a debtor would be required to meet if it sought a traditional injunction. It noted that the plan did not alter the creditor's security interests nor the liability of the guarantors. [8]

9. Nonetheless, the court felt bound by the Ninth Circuit's precedent and refused to confirm the plan.[9]

10. The current plan is Debtor's second attempt to protect its insiders. The exclusivity period will have expired by the time the Court hears this Motion, although the Committee fully expects Debtor to seek an extension. The Debtor's motivations are now clear-it wishes to use this process solely as a means to protect insiders' assets. The Court can quickly and effectively end these efforts by ruling that the supplemental injunction cannot be approved. This result is consistent with the purpose of Section 105 and with achieving fair and equitable results in this case.

/ / /

---

[5] Linda Vista 442 B.R. at 740
[6] Id. at 740-743.
[7] Id 746.
[8] Id. at 747.
[9] Id. at 754.

WHEREFORE, the Official Committee of Unsecured Creditors prays that the Court rule that the supplemental injunction provisions cannot be approved, and for such other relief as is just.

SIGNED this 10th day of August, 2015.

McDONALD CARANO WILSON LLP

By: /s/ Kaaran E. Thomas

Kaaran E. Thomas (NV Bar No. 7193)
Amanda M. Perach (NV Bar No. 12399)
100 West Liberty Street, 10th Floor
Reno, NV 89505-1670
Telephone: (775) 788-2000

*Counsel for Official Committee of Unsecured Creditors*