DAVIS GRAHAM & STUBBS LLP
Cecilia Lee, Esq.
Nevada Bar No. 3344
Elizabeth High, Esq.
Nevada Bar No. 10082
50 West Liberty Street, Suite 950
Reno, Nevada 89501
Telephone:  775.229.4219
Facsimile:  775.403.2187
Email: cecilia.lee@dgslaw.com
Email: elizabeth.high@dgslaw.com

HARTMAN & HARTMAN, LTD.
Jeffrey L. Hartman, Esq.
Nevada State Bar No. 1607
510 West Plumb Lane, Suite B
Reno, Nevada 89509
Telephone (775) 324-2800
Fax (775) 324-1818
Email: notices@bankruptcyreno.com

Attorneys for Debtor Matheson Flight Extenders, Inc.

DOWNEY BRAND LLP
Sallie B. Armstrong, Esq.
Nevada State Bar No. 1243
Michael B. Knox, Esq.
Nevada State Bar No. 8143
100 West Liberty Street, Suite 900
Reno, Nevada 89501
Telephone: (775) 329-5900
Facsimile:  (775) 786-5443
Email:  reno@downeybrand.com

Attorneys for Co-Proponent Matheson Trucking, Inc.

Electronically Filed December 4, 2015

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

In re:

MATHESON FLIGHT EXTENDERS, INC.,

Debtor.

Case No. BK-N-15-50541-BTB
Chapter 11 Case

**SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

Hearing Date:  December 16. 2015
Hearing Time:  2:00 p.m.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
SUITE 950
50 WEST LIBERTY STREET
RENO, NEVADA 89501
(775) 229-4219

3962111.2

1   Debtor and Debtor-in-Possession Matheson Flight Extenders, Inc. ("Debtor" or "MFEI")

2   and co-proponent Matheson Trucking, Inc. ("Trucking" and, along with the Debtor, the "Plan

3   Proponents") submit this <u>Plan of Reorganization</u> ("Plan") pursuant to Section 1121(a) of the

4   Bankruptcy Code for the resolution of the outstanding claims of the Creditors and Equity

5   Security Holders of the Debtor.   All parties-in-interest should refer to the Disclosure Statement

6   for a discussion of the Debtor's and Trucking's history, assets, and for a summary and analysis

7   of this Plan and certain related matters.

8   Subject to the restrictions on modifications set forth in Section 1127 of the Bankruptcy

9   Code and Bankruptcy Rule 3019, and those restrictions on modification set forth herein, the Plan

10  Proponents expressly reserve the right to alter, amend, strike, withdraw or modify this Plan one

11  or more times before its substantial consummation.

12  **1.      DEFINITIONS, RULES OF INTERPRETATION**

13  **1.1    Definitions.**

14  For purposes of this Plan, except as expressly provided or unless the context otherwise

15  requires, all capitalized terms not otherwise defined shall have the meanings ascribed in this

16  Section 1.  Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy

17  Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy

18  Code or the Bankruptcy Rules, in that order of priority.   Whenever the context requires, such

19  terms shall include the plural as well as the singular, the masculine gender shall include the

20  feminine, and the feminine gender shall include the masculine.   As used in this Plan, the

21  following terms shall have the meanings specified below.

22  **A.      Administrative Claim.**  A Claim for any cost or expense of administration of the

23  Chapter 11 Case allowed under Sections 507(b) or 546(c) of the Bankruptcy Code and entitled to

24  priority under Section 507(a)(1) of the Bankruptcy Code, including, but not limited to (i) fees

25  payable pursuant to Section 1930 of Title 28 of the United States Code; (ii) the actual and

26  necessary costs and expenses incurred after the Petition Date of preserving the Estate, including

27  wages, salaries or commissions for services rendered after the commencement of the Chapter 11

28  case; and (iii) all professional fees approved by the Bankruptcy Court pursuant to interim and

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

2

final allowances. To the extent that a Claim is allowed as an Administrative Claim pursuant to Section 365(d)(3) of the Bankruptcy Code, such Claim shall also be deemed an Administrative Claim under this paragraph.

**B.** **Administrative Claim Bar Date.** Forty-five days after the Effective Date.

**C.** **Allowed Claim.** Any claim, or any portion thereof, against Debtor (except for an Unclassified Claim): (i) as to which a proof of claim has been filed with the Court within the time fixed by the Court or, if such claim arises from the Debtor's rejection of an unexpired lease or other executory contract, within thirty (30) days after the Effective Date of the Plan, or (ii) which is scheduled as of the Confirmation Date of the Plan in the schedules filed by the Debtor or amended by the Debtor as of said date, and is liquidated in amount and undisputed; and in either of the above events, as to which no objection to allowance of such claim or request for subordination thereof has been filed within any applicable time period fixed by the Court or as to which an order allowing such claim and establishing its priority has become final and non-appealable. To the extent any Litigation Claim is not otherwise resolved in this Plan or is otherwise dismissed for failure of the Creditor to timely file a proof of claim, any Litigation Claim against the Debtor will be an Allowed Claim upon entry of a final determination after post-judgment proceedings and appellate rights are exhausted.

**D.** **Bankruptcy Case.** The pending Chapter 11 case entitled In re: Matheson Flight Extenders, Inc., Case No. BK-N-15-50541-BTB.

**E.** **Bankruptcy Code.** The Bankruptcy Code of 1978, as codified in Title 11 of the United States Bankruptcy Code by Public Law 95-598, including all amendments thereof and thereto applicable to the Bankruptcy Case.

**F.** **Bankruptcy Court.** The United States Bankruptcy Court for the District of Nevada, Reno, or such other court as has jurisdiction of the Bankruptcy Case.

**G.** **Bankruptcy Rules.** Collectively, the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court as applicable to the Chapter 11 Case.

**H.** **Bar Date.** August 17, 2015, the date established by the Notice of Commencement of Case for the filing of proofs of Claim by Creditors and October 16, 2015, the

date established by the Notice of Commencement of Case for the filing of proofs of claims by certain governmental creditors.

I.  **Claim.**  Any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach of performance, if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

J.  **Colorado Litigation.**  _Camara, et al. v. Matheson Flight Extenders, Inc., et al.,_ filed in the United States District Court for the District of Colorado, Civil Action No.: 12-CV-03040-CMA-CBS.

K.  **Confirmation Date.**  The date upon which an order is entered in the Bankruptcy Case confirming the Plan, including amendments thereto.

L.  **Confirmation Hearing.**  The duly noticed initial hearing held by the Bankruptcy Court to confirm this Plan pursuant to Sections 1128 and 1129 of the Bankruptcy Code, and any subsequent hearing held by the Bankruptcy Court from time to time to which the initial hearing is adjourned without further notice other than the announcement of the adjourned dates at the Confirmation Hearing.

M.  **Confirmation Order.**  The order entered by the Bankruptcy Court confirming this Plan.

N.  **Creditor.**  Any holder of a Claim, whether or not such Claim is an Allowed Claim.

O.  **Debtor.**  Matheson Flight Extenders, Inc., a California corporation.

P.  **Default Under the Plan.**  If the Debtor fails to make any payment when due under this Plan and that payment is not cured within one month thereafter, a Default Under the Plan will exist.

Q.  **Disclosure Statement.**  The written disclosure statement that relates to this Plan, as conditionally approved by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy

DAVIS GRAHAM & STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

Code and Bankruptcy Rule 3017, as such disclosure statement may be amended, modified or supplemented from time to time.

**R.** **Disputed Claim.** A Claim that is (i) subject to timely objection interposed by the Debtor or any party-in-interest entitled to file and prosecute such objection in this Chapter 11 case, if at such time the objection remains unresolved; (ii) listed by the Debtor as disputed unliquidated or contingent in the Bankruptcy Schedules; or (iii) if no objection has been timely filed, a Claim which has been asserted in a timely filed proof of claim in an amount greater than or in a Class different than that listed by the Debtor in the Bankruptcy Schedules as Liquidated in amount and not disputed or contingent; provided, however, that the Bankruptcy Court may estimate a Disputed Claim for purposes of allowance pursuant to Section 502(c) of the Bankruptcy Code. The term "Disputed", when used to modify a reference in this Plan to any Claim or Class of Claims shall mean a Claim that is a Disputed Claim as defined herein. In the event there is a dispute as to classification or priority of a Claim, it shall be considered a Disputed Claim in its entirety. Until such time as a Disputed Claim becomes fixed and absolute, such Claim shall be treated as a Disputed Claim and not an Allowed Claim for purposes related to allocations and distributions under this Plan. A Disputed Claim includes each Litigation Claim, including without limitation any Claim of any plaintiff in Henry v. Matheson Flight Extenders, Inc., Case No. 15AC-CC0082 (Circuit County Court, Cole County, MO, class action Fair Credit Reporting Act lawsuit), and the claim, if any, of Kristi Blowers in an EEOC employment discrimination proceeding.

**S.** **Disputed Claim Reserve.** The Reserves established to hold in one or more accounts of cash equal to the aggregate amount thereof as provided for in this Plan that would have been distributed on a Distribution Date on account of a Disputed Claim or as otherwise established by Final Order.

**T.** **Distribution.** Any Distribution by the Debtor or the Reorganized Debtor to the holders of Allowed Unclassified Claims, Allowed Priority Claims and Allowed Claims in accordance with the terms of this Plan.

///

5

1    **U.    Distribution Date.**    Each of: (a) the date on which the Debtor makes a

2    Distribution pursuant to any order entered by the Bankruptcy Court to Allowed Unclassified

3    Claims, Allowed Priority Claims or Allowed Claims; (b) the date that is the first day of the third

4    month following the First Distribution Date on which the Reorganized Debtor will make

5    Distributions to holders of Allowed Claims in Class 4 and Class 5, and each successive first day

6    of the third month thereafter until the Allowed Claims in Class 4 and Class 5 are paid in

7    accordance with this Plan.

8    **V.    Effective Date.**    The first business day which is five days after the Confirmation

9    Order becomes a Final Order.

10    **W.    Effective Date Payment.**    The payment made by the Reorganized Debtor to

11    each Stipulating Judgment Creditor as defined in the Settlement Agreement in the amount of

12    $142,857, and the payment made by the Reorganized Debtor to each individual holder of an

13    Allowed Claim in Class 4 on the Effective Date in the amount of fourteen (14) percent of the

14    total amount of each such respective Claim, and the payment made to any counterparty to

15    effectuate a cure of an executory contract or unexpired lease of real property that is assumed.

16    **X.    Equity Security.**    Any equity security in the Debtor as the term is defined in

17    Section 101(16) of the Bankruptcy Code, which states "(A) share in a corporation, whether or

18    not transferable or denominated 'stock', or similar security; (b) interest of a limited partners in a

19    limited partnership; or (C) warrant or right, other than a right to convert, to purchase, sell, or

20    subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B) of this

21    paragraph."

22    **Y.    Equity Security Holder.**    The holder of an Equity Security of the Debtor.  For

23    purposes of this Plan, Joe Garrett, Inc. is the shareholder of the Debtor.  Trucking is the parent of

24    Joe Garrett, Inc., the indirect shareholder of the Debtor and a Plan Proponent.

25    **Z.    Federal Judgment Rate.**    The rate of interest on judgments as provided for by 28

26    U.S.C. §1961 as of the Petition Date.

27    **AA.    Final Order.**    An order, judgment or other decree of the Bankruptcy Court which

28    has been appealed but which has not been vacated, reversed, modified or amended or stayed, or

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

6

1  for which the time to appeal or seek review or rehearing has expired with no appeal having been

2  filed.

3    **BB.    First Distribution Date.**    April 1, 2016, the date on which the Reorganized

4  Debtor will make a Distribution on the Allowed Claims in Class 4 and Class 5.

5    **CC.    Litigation Claim.**    All rights, claims, torts, liens, liabilities, obligations, action,

6  causes of action, avoidance actions, derivative actions, proceedings, debts, contracts, judgments,

7  damages and demands whatsoever in law or in equity, whether known or unknown, contingent or

8  otherwise, that Debtor or the Estate may have against any person, or that any person may have

9  against the Debtor or the Estate.  Failure to list a Litigation Claim herein or in the Disclosure

10  Statement shall not constitute a waiver or release by the Debtor or the Reorganized Debtor.

11    **DD.    Matheson Trucking, Inc.**    The parent corporation of Joe Garrett, Inc., the

12  indirect parent of MFEI and a Plan Proponent and sometimes referred to as a "Plan Proponent"

13  or as "Trucking".

14    **EE.    Net Operating Income.**  The cash generated from operations of the Reorganized

15  Debtor, minus Operating Costs and Operating Reserves.  "Net Operating Income" is sometimes

16  referred to as "Cash from Operations" in the Debtor's cash projections.

17    **FF.    New Value Contribution.**    The amount of $1,300,000 contributed by Trucking

18  to the Plan as an appropriate contribution pursuant to 11 U.S.C. §1129(b)(2)(B).

19    **GG.    Operating Costs.**  All costs associated with the operation, maintenance and

20  management of the Reorganized Debtor.

21    **HH.        Operating Reserves.**  The amount of cash determined in good faith by the

22  Debtor or the Reorganized Debtor as appropriate, from time to time, to be reserved and

23  maintained in order to pay all reasonably anticipated Operating Costs of the Reorganized Debtor

24  for up to a two month period of time.

25    **II.    Petition Filing Date.**  April 19, 2015, the date on which Debtor filed its voluntary

26  petition commencing the Bankruptcy Case.

27    **JJ.    Plan.**    This Plan of Reorganization, together with any amendments or

28  modifications thereto as may be hereafter filed by the Plan Proponents.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

7

1    **KK.    Reorganized Debtor.** The entity known as Matheson Flight Extenders, Inc., a

2    California corporation, created upon entry of the Confirmation Order.

3    **LL.    Secured Claim**. A Claim that is secured by a Lien against property of the Estate

4    to the extent of the value of any interest in such property of the Estate securing such Claim or to

5    the extent of the amount of such Claim subject to setoff in accordance with Section 553 of the

6    Bankruptcy Code, in either case as determined pursuant to Section 506(a) of the Bankruptcy

7    Code.

8    **MM.    Settlement Agreement**. The document entitled <u>Offer of Matheson Trucking, Inc.</u>

9    <u>and Matheson Flight Extenders, Inc. to Mahamet Camara, Andre De Oliveira, Bemba Diallo,</u>

10   <u>Salif Diallo, Macire Diarra, Ernie Duke, and Dean Patricelli</u>, that was accepted by Mahamet

11   Camara, Andre De Oliveira, Ernie Duke and Dean Patricelli, on the one hand, and Trucking and

12   the Debtor, on the other hand, on November 13, 2015, and that was accepted by Bemba Diallo,

13   Salif Diallo and Macire Diarra, on the one hand, and Trucking and the Debtor, on the other hand,

14   on November 18, 2015.

15   **NN.    Settling Plaintiffs**.    The four plaintiffs in the Colorado Litigation, Moussa

16   Dembele, Mohamed Kaba, Cresencio Sanchez and Ernest Williams, who entered into separate

17   contracts with the Debtor and Matheson Trucking prepetition for the settlement and release of

18   their claims in the Colorado Litigation and which contracts were not in default on the Petition

19   Date and are not currently in default.

20   **OO.    Stipulating Judgment Creditors**. The seven plaintiffs in the Colorado Litigation

21   who did not settle with the Debtor and Trucking prepetition, namely, Andre De Oliveira, Bemba

22   Diallo, Dean Patricelli, Ernie Duke, Macire Diarra, Mahamet Camara and Salif Diallo and who

23   have entered into the Settlement Agreement with the Debtor and Trucking to fully, completely

24   and finally resolve their respective Proofs of Claim filed in this Bankruptcy Case and to fully,

25   completely and finally resolve and dismiss the Colorado Litigation.

26   **1.2    Computation of Time**. In computing any period of time prescribed or allowed

27   by this Plan, unless otherwise expressly provided, the provisions of Bankruptcy Rule 9006(a)

28   shall apply.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

8

**1.3    Rules of Interpretation.**    For purposes of this Plan only (i) any reference in this Plan to a contract, instrument, release, or other agreement or documents being in particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (ii) any reference in this Plan to an existing document or exhibit filed or to be filed means such document or exhibit as it may have been or may be amended, modified, or supplemented; (iii) unless otherwise specified, all references in this Plan to Sections, Articles, schedules and exhibits are references to Sections, Articles, schedules or exhibits of or to this Plan; (iv) the words "herein," "hereof," hereto," and "hereunder" refer to this Plan in its entirety rather than to a particular portion of this Plan; (v) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of this Plan; and (vi) the rules of constructions and definitions set forth in Sections 101 and 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply unless otherwise expressly provided.

## 2.    TREATMENT OF UNCLASSIFIED CLAIMS

Pursuant to Section 1123(a)(1) of the Bankruptcy Code, Unclassified Claims against the Debtor are not designated as Classes and the holders of such claims are not entitled to vote on this Plan.  The treatment of Unclassified Claims is consistent with the requirements of Section 1129(a)(9)(A) of the Bankruptcy Code.

**2.1    Administrative Claims.**

Administrative Claims that have been allowed by final order of the Bankruptcy Court will be paid on the Effective Date or, if not Allowed by the Effective Date, then at such time as the administrative claimant and the Debtor agree.  Except as provided herein, Administrative Claims that are allowed will be paid from the Reorganized Debtor's Net Operating Income.

Unless provided for payment in this Plan, all requests for payment of Administrative Claims against Debtor must be filed by the Administrative Claims Bar Date or the holders thereof shall be forever barred from asserting such Administrative Claims against the Plan Proponents and the Reorganized Debtor.  Requests for Administrative Claims may be amended to include any fees and costs incurred after the Effective Date.  Because the Official Committee

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

of Unsecured Creditors will be dissolved no later than the Effective Date, the Plan Proponents anticipate that requests for Administrative Claims on behalf of its professionals incurred after the Effective Date will be limited to any fees and costs incurred in seeking final awards authorizing payment of fees and costs.

The Administrative Claims that the Plan Proponents seek approval of in this Plan and that they propose to pay from the Reorganized Debtor's Net Operating Income on the Effective Date are as follows:

Allowed professional fees to Hartman & Hartman, Ltd.; Lee & High, Ltd., Campbell Litigation, Davis Graham & Stubbs, LLP, Pacific Capital Transactions, McDonald Carano Wilson and Henry & Horne, LLP.

**2.2    Priority Claims.**

All Priority Claims of any kind specified in Sections 507(a)(1) through (a)(10) are not classified and are excluded from the following classes in accordance with Section 1123(a)(1) of the Bankruptcy Code. All Priority tax claims, if any, will be paid by the Reorganized Debtor (a) on the Distribution Date; (b) such other time as is agreed to by the holder of such Claim and the Debtor and the holder of such Claim prior to the Effective Date or the Reorganized Debtor and the holder of such Claim after the Effective Date; or (c) regular payments in case of a total value, as of the Effective Date of the Plan, equal to the allowed amount of such claim, over a period ending not later than 5 years after the Petition Date and in a manner not less favorable than the most favored nonpriority unsecured Claim provided by this Plan.

The Priority Claims that have been filed are as follows:

Franchise Tax Board, $882.02

City and County of Denver, $5,569.50

The Debtor believes that these Priority Claims are either not owed or are not yet due. The Debtor will attempt to resolve these Priority Claims with the respective creditor and, to the extent any amounts are due, will either pay those amounts on the Effective Date or, if the Debtor has not been able to resolve the matter by that date, will reserve the funds necessary to satisfy the Claim and will pay it when the Claim has been resolved.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

**2.3    Fees to Office of the United States Trustee.**

All fees required to be paid to the United States Trustee will be paid in full upon confirmation of the Plan, and shall remain current until the case is fully administered or closed, whichever occurs first.

**3.    CLASSIFICATION OF CLAIMS AND INTERESTS**

Pursuant to Section 1123(a)(1) of the Bankruptcy Code, all Claims against the Debtor, except Unclassified Claims, are placed in the following classifications as set forth below. The holders of Claims in Classes of Claims 4 and 5 are impaired and are entitled to vote on the Plan. The Class of Equity Security Interests is not impaired and is not entitled to vote.

**Class 1:**    Secured Claim of United States Postal Service, to the extent the Claim is a Secured Claim, for offset in the amount of $457,663.96.

**Class 2:**    Administrative Convenience Allowed Claims of Unsecured Creditors owed individually less than $13,500.00.

**Class 3:**    Allowed Claims of Settling Plaintiffs.

**Class 4:**    Allowed Claims of Unsecured Creditors individually owed more than $13,500.00 and not entitled to priority under Section 507 of the Bankruptcy Code and not otherwise included in any other class hereof, including, without limitation, claims which may arise out of the rejection of executory contracts or unexpired leases.

**Class 5:**    Allowed Claims of the Stipulating Judgment Creditors.

**Class 6:**    Claim of Wells Fargo Bank, NA.

**Class 7:**    The claims and interests of the Equity Security Holders of the Debtor.

**4.    TREATMENT OF CLAIMS AND INTERESTS**

Classes of Claims and Interests shall be treated as set forth herein below.

**4.1.    Class 1** – The Secured Claim of the United States Postal Service will be paid in full on the Effective Date from the funds the United States Postal Service is holding to offset a debt owed by the Debtor in the amount of $457,663.96 in full satisfaction of the Claim of the United States Postal Service for $457,663.96.    Class 1 is not impaired and not entitled to vote.

///

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

11

**4.2     Class 2** – Administrative Convenience Allowed Claims of Unsecured Creditors owed less than $13,500.00.  Plan Proponents propose to pay the Allowed Claims of Class 2 Creditors in full on the Effective Date.     Class 2 Creditors are unimpaired and are not entitled to vote.

**4.3     Class 3** – Allowed Claims of Settling Plaintiffs will receive Distributions from the Net Operating Income of the Reorganized Debtor in accordance with the terms of the respective pre-petition contract between the Debtor and Trucking, on the one hand, and each respective Settling Plaintiff, on the other hand.  Class 3 Creditors are unimpaired and are not entitled to vote.

**4.4     Class 4** – Allowed Claims of Unsecured Creditors individually owed more than $13,500 will be paid 100 percent of their Allowed Claims plus interest at the Federal Judgment Rate, with an Initial Payment of 14 percent of each Allowed Claim on the Effective Date, and the balance of each Allowed Claim over eight years in quarterly installments.  At the entire discretion of the Reorganized Debtor, the Reorganized Debtor may prepay any Minimum Distribution on Allowed Claims in Class 4 entirely at the discretion of the Reorganized Debtor from Net Operating Income.  Discretionary payments from Net Operating Income, if any, will be made proportionately to every holder of an Allowed Claim in Class 4.

**4.5     Class 5** – In full satisfaction of the Proof of Claim each Stipulating Judgment Creditor filed herein, the Stipulating Judgment Creditors will be paid in accordance with the Settlement Agreement as follows: to each Stipulating Judgment Creditor, Trucking has made the Initial Payment as defined in the Settlement Agreement in the amount of $185,714; on the Effective Date, the Reorganized Debtor will pay to each Stipulating Judgment Creditor the amount of $142,857 as the Effective Date Payment; and the Reorganized Debtor will pay the sum of $714,286 in 32 equal quarterly payments with the first quarterly payment to commence April 1, 2016.  The amount awarded to each Stipulating Judgment Creditor as back pay in the Colorado Judgment shall be paid to that Stipulating Judgment Creditor as wages (i.e., subject to withholdings and reported on an IRS form W-2); the remainder of the payments to each Stipulating Judgment Creditor shall be paid in gross, reported on IRS form 1099s, and allocated

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

12

between payments to the Stipulating Judgment Creditor and his counsel as directed in advance by counsel; and any payment due to a Stipulating Judgment Creditor will be made by check made payable to the Stipulating Judgment Creditor and delivered to the Stipulating Judgment Creditor in care of his counsel.

**4.6.    Class 6** –Wells Fargo Bank, NA will retain its guaranty against the Debtor and will be entitled to enforce it in the event of a material default on the terms of the Forbearance Agreement and Credit Agreement. The Class 6 Creditor is unimpaired and is not entitled to vote.

**4.7    Class 7** – Equity Security Holders will retain their interests in the Reorganized Debtor. Equity Security Interests are unimpaired and the holders of Equity Security Interests are conclusively deemed to have accepted the Plan pursuant to §1126(f) of the Bankruptcy Code. Therefore, the holders of Equity Security Interests are not entitled to vote to accept or reject the Plan.

**5.    MEANS TO EFFECTUATE THE PLAN**

**5.0    Means to Effectuate Plan.** The Plan Proponents intend to effectuate the Plan in one of two alternative means, as follows:

This Plan provides that the Debtor will continue to exist on and after the Effective Date as the Reorganized Debtor. The Plan will be implemented as follows:

**5.0.1** The Debtor will, as the Reorganized Debtor, continue to exist after the Effective Date, with all the corporate powers under applicable law and without prejudice to any right to alter or terminate such existence (whether by merger, dissolution or otherwise) under applicable state law, and the Debtor may enter into and consummate one or more corporate restructuring transactions, including, but not limited to, changing the business or corporate form of the Debtor. Except as otherwise provided herein, after the Effective Date Payment is made, all property of the Estate of the Debtor, and any property acquired by the Debtor or Reorganized Debtor under the Plan, will vest in the Reorganized Debtor, free and clear of all Claims, liens, charges, other encumbrances and interests, other than those otherwise expressly provided for pursuant to the Plan. On and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire and dispose of property and compromise or settle any Claims

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

13

1  without supervision or approval by the Bankruptcy Court and free of any restrictions of the

2  Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the

3  Plan or the Confirmation Order.  Without limiting the foregoing, the Reorganized Debtor may

4  pay the charges that it incurs on or after the Effective Date for Professionals' fees,

5  disbursements, expenses or related support services (including fees relating to the preparation of

6  Professional fee applications) without application to the Bankruptcy Court.  To the extent the

7  Reorganized Debtor has Net Operating Income, the Reorganized Debtor will use its Net

8  Operating Income to meet Effective Date requirements and to make Distributions under the Plan.

9  Distributions under the Plan will be made from the New Value Contribution and Debtor's Net

10  Operating Income.   The New Value Contribution has been made to the Reorganized Debtor by

11  Trucking.

12      **5.0.2.**  In accordance with Section 1123(b)(3) of the Bankruptcy Code, all

13  Litigation Claims will be assigned and transferred to the Reorganized Debtor.

14      **5.0.3.**  The Reorganized Debtor will continue to prosecute and defend the

15  Disputed Claims in the court or administrative venue in which each is currently pending,

16  including any appeals therefrom.  To the extent the holders of Disputed Claims did not timely

17  file Proofs of Claim, the Disputed Claims will be disallowed in their entirety and any pending

18  Litigation related thereto will be dismissed with prejudice.  In addition, the Reorganized Debtor

19  will continue to prosecute any and all Litigation Claims in the discretion of the Reorganized

20  Debtor, including obtaining dismissal of any Litigation Claim for which the Creditor did not

21  timely file a Proof of Claim.

22      **5.0.4**  The Settlement Agreement, which is incorporated herein by this reference

23  as if fully set forth herein, shall be deemed in full force and effect and approved in its entirety.

24  The Settlement Agreement shall be binding upon the parties thereto, including all successors and

25  assigns.   The Stipulating Judgment Creditors and the Plan Proponents will take all steps

26  necessary to effectuate all terms of the Settlement Agreement, whether or not set forth in full

27  herein.

28  ///

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

14

**5.1    Effective Date Events**. On the Effective Date, the following events shall occur:

**5.1.1**    The Reorganized Debtor will be created as set forth in this Plan and the Confirmation Order.

**5.1.2.**    Trucking shall be deemed to have made a New Value Contribution to the Debtor.

**5.1.3.**    Effective Date Payments to Creditors as set forth in this Plan as required to be made on the Effective Date will be made.

**5.1.4**    The Reorganized Debtor will continue to operate the business of the Debtor.

**5.1.5**    The Settlement Agreement will be in full force and effect and all of its terms, whether or not set forth herein will be fully enforceable and binding on all parties.

**5.1.6**    To the extent the Official Committee of Unsecured Creditors has not previously been disbanded, it will be dissolved.

**5.2    Procedures for Resolving Disputed Claims**

**5.2.1    Prosecution of Objections to Claims**

The Bar Date for filing proofs of claim is August 17, 2015 for nongovernmental Creditors and October 16, 2015, for certain governmental creditors.  After the Confirmation Date, only the Debtor or the Reorganized Debtor will have the authority to file, settle, compromise, withdraw or litigate to judgment objections to Claims, including pursuant to any alternative dispute resolution or similar procedures approved by the Bankruptcy Court.  After the Effective Date, the Reorganized Debtor may settle or compromise any Disputed Claim without approval of the Bankruptcy Court.

**5.2.2    Treatment of Disputed Claims**

Notwithstanding any other provisions of the Plan, no payments or distributions will be made on account of a Disputed Claims until such Claim becomes an Allowed Claim. Any Disputed Claim for which a proof of claim was not timely filed will be disallowed in its entirety and any Litigation related thereto will be dismissed with prejudice.

///

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

15

### 5.2.3    Distributions on Account of Disputed Claims Once Allowed

The Reorganized Debtor will promptly make all distributions on account of any Disputed Claim that has become an Allowed Claim. Such distributions will be made pursuant to the provisions of the Plan governing the applicable Class.

### 5.2.4    Estimation

The Debtor or the Reorganized Debtor, as the case may be, may at any time request that the Bankruptcy Court estimate any Disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtor or the Reorganized Debtor has previously objected to such Claim. The Bankruptcy Court will retain jurisdiction to estimate any Claim at any time, including during proceedings concerning any objection to such Claim. If the Bankruptcy Court estimates any Disputed Claim, such estimated amount may constitute either (a) the Allowed amount of such Claim, (b) the amount on which a reserve is to be calculated for purposes of any reserve requirement under the Plan, or (c) a maximum limitation on such Claim, as determined by the Bankruptcy Court.  If the estimated amount constitutes a maximum limitation on such Claim, the Debtor or the Reorganized Debtor, as the case may be, may elect to object to ultimate payment of such Claim. All of the aforementioned Claims objection, estimation and resolution procedures are cumulative and not necessarily exclusive of one another.

### 6.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

6.01.    Plan Terms Applicable to All Executory Contracts and Unexpired Leases Except for XL Catlin.

Any executory contract and unexpired lease that (i) has not expired by its own terms on or prior to the Effective Date, (ii) has not been assumed or rejected by the Debtor during the pendency of the Chapter 11 Case, (iii) is not listed in Exhibit H to the Disclosure Statement as executory contracts or unexpired leases to be rejected, and (iv) is not the subject of a pending motion to reject such executory contract or unexpired lease, shall be deemed assumed by the Debtor as of immediately prior to the Effective Date, and the entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of any such assumption pursuant to section

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

16

365(a) and 1123 of the Bankruptcy Code. Any executory contract or unexpired lease listed in Exhibit H to the Disclosure Statement as an executory contract or unexpired lease to be rejected by the Debtor shall be deemed rejected by the Debtor as of immediately prior to the Effective Date, and the entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of any such rejection pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

Entry of the Confirmation Order shall constitute (i) approval, pursuant to Section 365(a) of the Bankruptcy Code, of the assumption by the Reorganized Debtor of each executory contract and unexpired lease listed on Schedule A and each executory contract and unexpired lease assumed by prior order of the Bankruptcy Court, (ii) approval for the Estate to reject each executory contract and unexpired lease to which a Debtor is a party and which is not listed on Schedule A and neither assumed, assumed and assigned nor rejected by separate order prior to the Effective Date. Upon the Effective Date, each counter party to an executory contract or unexpired lease listed on Schedule A shall be deemed to have consented to assumption contemplated by Bankruptcy Code Section 365(c)(1)(B), to the extent such consent is necessary for such assumption. Any default entitled to monetary cure respecting any assumed executory contract or unexpired lease shall be paid on the Effective Date.

All proofs of claim arising from the rejection (if any) of executory contracts or unexpired leases must be filed with the Bankruptcy Court by no later than 30 days after the earlier of: (i) the date of entry of an order of the Bankruptcy Court approving any such rejection and (ii) the Effective Date. Any Claims arising from the rejection of an executory contract or unexpired lease for which no proof of claim was timely filed will be forever barred from assertion against the Debtor or the Reorganized Debtor, its estate and property. All such Claims shall, as of the Effective Date, be subject to the discharge and permanent injunctions set forth in the Plan.

Any monetary amounts by which an executory contract or unexpired lease to be assumed pursuant to the Plan is in default shall be satisfied pursuant to section 365(b)(1) of the Bankruptcy Code by payment of the default amount in cash or on such other terms as the parties to each such executory contract or unexpired lease may otherwise agree. In the event of any dispute regarding the amount of any cure payments, (a) the Bankruptcy Court will retain

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

17

1   jurisdiction to adjudicate any such dispute, and (b) if the Bankruptcy Court determines that any

2   such disputed cure amount is required to be paid (in full or in part) by the Debtor pursuant to

3   section 365(b)(1) of the Bankruptcy Code, the Debtor will pay such cure amount in the ordinary

4   course following entry of the Bankruptcy Court's Final Order resolving such cure dispute,

5   provided that, the Debtor or Reorganized Debtor shall have the right, following entry of such a

6   Final Order fixing a cure amount (if any) to reject the applicable executory contract or unexpired

7   lease and any such rejection shall be deemed to have occurred immediately prior to the Effective

8   Date.

9           6.02.   Plan Terms Applicable to XL Catlin.

10          Greenwich Insurance Company and XL Specialty Insurance Company (collectively, "XL

11   Catlin"), filed a secured claim in an undetermined amount arising out of unpaid premium

12   payments and other amounts due under certain insurance policies and non-policy agreements

13   issued by XL Catlin to Trucking, on its own behalf and on behalf of the Debtor, and/or entered

14   into between XL Catlin and Trucking, on its own behalf and on behalf of the Debtor, prior to the

15   Petition Date.

16          Prior to the Petition Date, XL Catlin issued certain insurance policies (collectively, with

17   the "Aviation Policy" referred to below, the "Policies") to Trucking, on its own behalf and on

18   behalf of the Debtor: (i) a Commercial General Liability Policy No. RGD9435053, having a

19   policy period March 1, 2015 through March 1, 2016; (ii) an Automobile Liability Policy No.

20   RAD500195, having a policy period March 1, 2015 through March 1, 2016; (iii) an Automobile

21   Liability Policy No. RAD 9435052, having a policy period March 1, 2015 through March 1,

22   2016; and (v) a Workers Compensation Policy No. RWD9435054, having a policy period March

23   1, 2015 through March 1, 2016. Also prior to the Petition Date, XL Catlin issued an Aviation

24   Policy No. UA00010968AV15A, having a policy period March 1, 2015 through march 1, 2016

25   (the "Aviation Policy") to the Debtor.

26          Also prior to the Petition date, XL Catlin and Trucking, on its own behalf and on behalf

27   of the Debtor, entered into an Insurance Program Agreement (the "Insurance Program

28   Agreement") and a series of Plan Specification agreements (the "Plan Specifications" and, with

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

18

the Insurance Program Agreement, the "Non-Policy Agreements"). The Non-Policy Agreements establish and provide for, among other things, the payments the insureds are required to pay to XL Catlin (the "Obligations"), XL Catlin's right of offset, the security for the insureds Obligations that the insureds are required to deliver to XL Catlin (the "Collateral"), events of default and XL Catlin's rights in the event of default, including XL Catlin's use of the Collateral, the insureds' obligation to indemnify XL Catlin, and the parties' agreement with respect to arbitration.

Pursuant to the Non-Policy Agreements, Trucking, on its own behalf and on behalf of the Debtor, originally provided XL Catlin with a clean, unconditional and irrevocable letter of credit (the "Letter of Credit") in the amount of $2,500,000. For the policy period March 1, 2015 through March 1, 2016, the amount of the Letter of Credit has been increased to $6,340,000. XL Catlin has not drawn on the Letter of Credit.

As of the Petition Date, XL Catlin has a claim against the Debtor in an undetermined amount because, while all basic Premium has been paid as of that date, certain of the Policies have a retrospective premium feature, pursuant to which Incurred Losses are used to calculate and adjust the final Premium due. Accordingly, the amount of the Premium due in connection with the Policies will not be known until the relevant policy periods have expired and the necessary audits have been conducted.

All of the insureds' Obligations to XL Catlin are secured by XL Catlin's right of setoff, as provided under the Non-Policy Agreement and under other non-bankruptcy law. In addition, all of the insureds' Obligations to XL Catlin are secured by a security interest in the Collateral, the proceeds of the Collateral and any return premiums or other amounts that may be payable to the insureds by XL Catlin. XL Catlin's claim is secured by a credit in the amount of $21,104.04 owed by XL Catlin to the insureds in connection with a prior year's Workers Compensation policy. In addition, in the event XL Catlin draws on the Letter of Credit, XL Catlin's Claim also is secured by the proceeds of the Letter of Credit. Notwithstanding anything to the contrary in the Disclosure Statement, the Plan, the Confirmation Order, any other document related to any of the foregoing or any other order of the Bankruptcy Court (including, without limitation, any

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

19

1   other provision that purports to be preemptory or supervening or grants an injunction or release,

2   including, but not limited to, the injunctions set forth in Section 7.7 and 7.8 of the Plan):

3       (a) on the Effective Date, the Reorganized Debtor shall assume all the Policies, as

4   amended or modified, issued at any time to the Debtor, its affiliates or predecessors, and all

5   agreements related thereto, as amended or modified (collectively, the "Insurance Contracts");

6       (b) nothing in the Disclosure Statement, the Plan, the Confirmation Order, any other

7   document related to any of the foregoing or any other order of the Bankruptcy Court alters,

8   modifies or otherwise amends the terms and conditions of or the coverage provided by any of the

9   Insurance Contracts, except that as of the Effective Date the Reorganized Debtor shall become

10  and remain liable for all of the Debtor's obligations and liabilities thereunder regardless of

11  whether such obligations and liabilities arise before or after the Effective Date; *provided,*

12  *however* that the Debtor or Reorganized Debtor, as applicable, shall retain the right to challenge

13  any amounts owed under the Insurance Contracts in accordance with their terms, and the rights

14  and obligations of the parties under the Insurance Contracts, whether or not such Insurance

15  Contracts are executory or were in effect before or after the Petition Date, shall remain fully

16  enforceable by the parties after the Effective Date;

17      (c) nothing in the Disclosure Statement, the Plan, the Confirmation Order, any other

18  document related to any of the foregoing or any other order of the Bankruptcy Court, including

19  without limitation any prepetition or administrative claim bar date order or claim objection order

20  alters or modifies the duties, if any, that the insurers and/or third party administrators have to pay

21  claims covered by the Insurance Contracts or the insurers' and/or third party administrators'

22  rights to seek payment or reimbursement from the Debtor or, after the Effective Date, the

23  Reorganized Debtor or to draw on any collateral or security therefor in accordance with the

24  terms of the Insurance Contracts;

25      (d) insurers and third party administrators shall not need to nor be required to file or serve

26  an objection to any proposed Cure Amount, or a request, application, claim, proof of claim or

27  motion for payment of any prepetition or administrative claim, and shall not be subject to the any

28  claim bar date or similar deadline governing Cure Amounts or prepetition or administrative

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

20

1    claims; and

2            (e) the automatic stay of section 362(a) of Bankruptcy Code and the injunctions set forth

3    in Section 7.7 and Section 7.8 of the Plan, if and to the extent applicable, shall be deemed lifted

4    without further order of the Bankruptcy Court solely to permit: (i) claimants with valid claims

5    covered by any of the Insurance Contracts ("Insured Claims") to proceed with their Insured

6    Claims; (ii) insurers and/or third party administrators to administer, handle, defend, settle, and/or

7    pay, in the ordinary course of business and subject to the terms of the Insurance Contracts,

8    without further order of the Bankruptcy Court, all Insured Claims and all costs in relation

9    thereto; (iii) insurers and/or third party administrators to draw against any or all of any collateral

10    or security provided by or on behalf of the Debtor or the Reorganized Debtor, as applicable, at

11    any time and to hold the proceeds thereof as security for the obligations of the Debtor or the

12    Reorganized Debtor, as applicable, to the applicable insurers and/or third party administrators

13    and/or to apply such proceeds to the obligations of the Debtor or the Reorganized Debtor, as

14    applicable, in accordance with the terms of  the Insurance Contracts, and (iv) insurers and/or

15    third party administrators to cancel any insurance policies under the Insurance Contracts, and

16    take other actions relating thereto, to the extent permissible under applicable non-bankruptcy

17    law, each in accordance with the terms of the Insurance Contracts.

18            The terms set forth above are in full satisfaction of the Proof of Claim filed on behalf of

19    XL Catlin in the Bankruptcy Case.

20        **7.**    **MISCELLANEOUS PROVISIONS**

21        **7.1**    On the Confirmation Date, immediately after the Effective Date Payment is made,

22    all property of the estate of Debtor shall be re-vested in the Reorganized Debtor, which shall

23    retain such property free and clear of all liens, claims, encumbrances and interests of the

24    Creditors.  The name of the Reorganized Debtor will be Matheson Flight Extenders, Inc., a

25    California corporation.

26        **7.2**    Reorganized Debtor will serve as disbursing agent and shall disburse all property

27    to be distributed under the Plan.  Reorganized Debtor may employ or contract with other entities

28    to assist in or to perform Distributions and shall serve without bond.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

**7.3**    Confirmation of the Plan constitutes the discharge pursuant to 11 U.S.C. § 1141 of any and all liabilities of the Debtor which are discharged pursuant to the provisions of the Bankruptcy Code.

**7.4**    In accordance with Section 1123(b)(3) of the Bankruptcy Code, any and all Litigation Claims that may exist shall be transferred and assigned to the Reorganized Debtor.

**7.5**    The estate shall be deemed to be fully administered upon the commencement of Distribution to Creditors as set forth herein, and a final decree may be entered in accordance with Fed. R. Bankr. Pro. 3022.  In the event of any default by the Reorganized Debtor in performing any term of this Plan, the Reorganized Debtor will have 60 days after receipt of written notice of such a default by the holder of an Allowed Claim within which to cure the default.

**7.6    Releases**

7.6.1    **Releases for All Creditors and Interested Parties Except the Settling Plaintiffs (Moussa Dembele, Mohamed Kaba, Cresencio Sanchez and Ernest Williams).** From and after the Effective Date, the following releases shall become effective:  by and between the Debtor, on the one hand, and the holders of Claims with the exception of the Settling Plaintiffs (Moussa Dembele, Mohamed Kaba, Cresencio Sanchez and Ernest Williams), on the other hand, that to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date; each such person that has held, holds or may hold a Claim, whether Allowed, terminated, transferred, or conveyed pursuant to this Plan, Disallowed or is not entitled to receive any distribution pursuant to this Plan, in consideration for the obligations of the Reorganized Debtor and other contracts, instruments, releases, agreements or documents to be delivered in connection with this Plan, shall conclusively, absolutely, unconditionally, irrevocably and forever, release and discharge the Debtor from any claim or cause of action existing as of the Effective Date, including but not limited to, any claim or cause of action, interest, right, or dispute, including but not limited to any claim or cause of action, interest, right or dispute arising from, based on or relating to, in whole or in part, the subject matter of or the transactions or events giving rise to the Settlement Agreement and in the act, omission, occurrence or event in any matter relating to such subject matter, transaction or

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

1  obligation.  This release is intended to be as broad as possible, and shall include the Debtor's

2  officers, directors, managers, attorneys, accountants, agents and employees.

3          **7.6.2**  **Releases for Settling Plaintiffs, Moussa Dembele, Mohamed Kaba,**

4  **Cresencio Sanchez and Ernest Williams.**  As set forth in the Settlement Agreement and

5  Release of All Claim between each of the Settling Plaintiffs, on the one hand, and the Debtor

6  and Trucking, on the other hand (defined therein as the "Matheson Defendants"), the following

7  releases apply as to each of the Settling Plaintiffs: "As a material inducement to the Matheson

8  Defendants to enter into this Agreement Plaintiff, as a free and voluntary act, forever releases,

9  discharges and covenants not to sue MATHESON for any Claims of any kind whatsoever,

10  which may have arisen on or prior to Plaintiff's execution of this Agreement, including but not

11  limited to (1) Claims relating in any way to Plaintiff's employment with MATHESON and/or

12  the employment opportunities that were provided and/or denied to Plaintiff, (2) Claims relating

13  in any way to the separation of Plaintiff's employment with MATHESON, (3) Plaintiff's

14  compensation by MATHESON, and (4) any other matter, cause or thing whatsoever which may

15  have occurred between Plaintiff and MATHESON on or prior to Plaintiff's execution of this

16  agreement."

17          **7.7**  **Plan Injunction.** From and after the Effective Date and except as provided in this

18  Plan and the Confirmation Order, all entities that have held, currently hold or may hold a Claim

19  or Equity Security Interest in the Debtor that is Allowed, terminated, transferred, or conveyed

20  pursuant to this Plan or Disallowed or is not entitled to receive any distribution pursuant to this

21  Plan, are permanently enjoined from taking any of the following actions on account of any such

22  claim or interest: (i) commencing or continuing in any manner any action or proceeding against

23  the Debtor or the Reorganized Debtor or any of their respective property; (ii) enforcing,

24  attaching, collecting or recovering in any manner any judgment, award, decree or order against

25  the Reorganized Debtor, or their respective property; (iii) creating, perfecting or enforcing any

26  lien or encumbrance against the Reorganized Debtor's property; (iv) asserting a setoff, right of

27  subrogation or recoupment of any kind against any debt, liability or obligation due to the

28  Reorganized Debtor or its property; (v) commencing or continuing any action, in any manner or

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

23

1  any place, that does not comply with or is inconsistent with the provisions of this Plan or the

2  Bankruptcy Code.

3      **7.8    Supplemental Injunction Applicable Only to the Class 5 Stipulating**

4  **Judgment Creditors.**    In order to preserve and promote the treatment of Creditors

5  contemplated by and provided for in the Plan, except as otherwise expressly provided in the Plan

6  or the Confirmation Order, all persons and any person claiming by or through them, which have

7  held or asserted, which currently hold or assert, or which may hold or assert any Claims or any

8  other causes of action, obligations, suits, judgments, damages, debts, rights, remedies, or

9  liabilities of any nature whatsoever, and all Equity Interests, or other rights of a Holder of an

10  equity security or other ownership interest, against any of the released parties based upon,

11  attributable to, arising out of or relating to any Claim against or Equity Interest in the Debtor,

12  whenever and wherever arising or asserted, whether sounding in tort, contract, warranty or any

13  other theory of law, equity or admiralty, shall be, and shall, as long as the Debtor is performing

14  under its Plan and completes its Plan, be deemed to be, stayed, restrained and enjoined from

15  taking any action against any Trucking for the purpose of directly or indirectly collecting,

16  recovering or receiving any payment or recovery with respect to any such Claims or other causes

17  of action, obligations, suits, judgments, damages, debts, rights remedies or liability, and all

18  Equity Interests or other rights of a holder of an equity security or other ownership interest,

19  arising prior to the Effective Date, including, but not limited to (i) commencing or continuing in

20  any manner any action or other proceeding, (ii) enforcing, attaching, collecting or recovering in

21  any manner any judgment, award, decree or order, (iii) creating, perfecting or enforcing any lien

22  or encumbrance, (iv) asserting a setoff, right of subrogation or recoupment of any kind against

23  any debt, liability or obligation due to any Released Party, and (v) commencing or continuing

24  any action, in any manner, in any place that does not comply with or is inconsistent with the

25  terms of the Plan.

26      **7.9    Exculpation.** Through the Effective Date, the Plan Proponents, and their officers,

27  directors, managers, attorneys, accountants, consultants, agents and employees since the Petition

28  Date, including but not limited to any professionals employed by them pursuant to an order of

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

24

the Court under Sections 327 and 1103 of the Bankruptcy Code, shall not incur any liability to the Debtor or any other Creditor, Equity Security Interest or interest holder, and other parties in interest in the Bankruptcy Case for any act or omission in connection with or arising out of the Bankruptcy Case, including, without limitation, prosecuting confirmation of this Plan, the administration of this Estate, the Plan or the property to be distributed under this Plan, except for gross negligence or willful misconduct, and in all respects, such person will be entitled to rely on the advice of counsel with respect to their duties and responsibilities with respect to the Bankruptcy Case and this Plan.

7.10    In the event that any impaired Class entitled to vote is determined to have rejected this Plan in accordance with Section 1126 of the Bankruptcy Code, the Plan Proponents may invoke the provisions of Section 1129(b) of the Bankruptcy Code to satisfy the requirements for confirmation of this Plan.  The Plan Proponents reserve the right to modify this Plan to the extent, if any, that confirmation pursuant to Section 1129(b) of the Bankruptcy Code requires modification.

7.11    After the Effective Date, the Reorganized Debtor may object to Proofs of Claim. Any such objections shall be filed and served not later than 90 days after the Effective Date; provided, however, that such period may be extended by order of the Bankruptcy Court for good cause shown.

7.12    No Proof of Claim filed after the Bar Date shall be allowed, and all such Claims are deemed disallowed and forever barred.  No Creditor shall be permitted to amend any Proof of Claim except to decrease the amount owed.

7.13    This Plan shall be binding upon, and inure to the benefit of the Debtor, the Reorganized Debtor, Creditors, Equity Security Holders and their respective successors and assigns.

7.14    Except to the extent the Bankruptcy Code or other federal law is applicable or as provided in any contract, instrument, release or other agreement, the rights, duties and obligations of Debtor and any other person arising under this Plan shall be governed by and construed and enforced in accordance with the internal laws of the State of Nevada, without

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

25

giving effect to Nevada's choice of law provisions.

7.15.   In the event of a Default Under the Plan, the Supplemental Injunction will no longer be of force and effect and the Stipulating Judgment Creditors will be entitled to file the Stipulated Judgment in the Colorado Court against Trucking and to enforce the Stipulated Judgment in accordance with the Settlement Agreement.

## 8.    RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction for the following specific purposes:

**8.1**    For the purpose specified in Section 1142 of the Bankruptcy Code;

**8.2**    The consideration of Claims and such objections as may be filed to the Claims of Creditors pursuant to Section 502 of the Bankruptcy Code, to decide or resolve any matter over which the Bankruptcy Court has jurisdiction pursuant to Section 505 of the Bankruptcy Code, and to file and prosecute any claims of the estate or counterclaims against such Creditors as may be permitted by law;

**8.3**    The fixing of compensation for the persons entitled thereto;

**8.4**    To hear and determine the amount of all encumbrances or the recovery of any preferences, transfers, assets or damages to which the Debtor's estate may be entitled under applicable provisions of the Bankruptcy Code or other federal, state, or local law;

**8.5**    To resolve any disputes regarding interpretation and enforcement of the Plan and the Settlement Agreement;

**8.6**    To implement the provisions of the Plan and the Settlement Agreement, including all provisions in the Plan which specify the retention of jurisdiction, and to make such further orders as will aid in consummation of the Plan, including granting declaratory relief, issuing injunctions, and ordering the transfers as set forth in the Plan after the Confirmation Date;

**8.7**    To adjudicate controversies regarding property of the Debtor's estate and regarding ownership thereof, including adjudication of causes of action which constitute property of the estate;

**8.8**    To modify this Plan in accordance with Section 1127 of the Bankruptcy Code;

///

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

26

8.9    To enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases and other agreements or documents created in connection with this Plan, the Settlement Agreement, the Disclosure Statement or the Confirmation Order; and

8.10    To enter a final decree and order closing the case.

## 9.    MODIFICATION OF PLAN

The Plan Proponents may modify the Plan with regard to the treatment of any Creditor class, in connection with any agreement or settlement with such Creditor class or in order to comply with the requirements of the Code as established by the Court, provided such modification does not materially adversely affect any other class of Creditors.    Such modifications may be reflected in the order confirming the plan of reorganization.    Any other modification of the Plan shall be in accordance with Section 1127 of the Code.

DATED this 23rd day of November, 2015.

DAVIS GRAHAM & STUBBS LLP

/s/ Cecilia Lee, Esq.
CECILIA LEE, ESQ.
ELIZABETH HIGH, ESQ.

HARTMAN & HARTMAN, LTD.

/s/ Jeffrey L. Hartman, Esq.
JEFFREY L. HARTMAN, ESQ.

DOWNEY BRAND LLP

/s/ Sallie B. Armstrong, Esq.
SALLIE B. ARMSTRONG, ESQ.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

27

# SCHEDULE A TO PLAN

Matheson Flight Extenders, Inc.
Summary of Executory Contracts
Schedule A to Plan
Subject to approve of the Debtor's Motion to Assume Professional Services Agreement

| | Contracting Party | Description of Contract | Cure Amount Due on Confirmation |
|---|---|---|---|
| 1 | Aviation G.S.E. America 120 Sylvan Avenue Suite 114 Englewood Cliffs, NJ 07632 | Personal Property Rental Agreement 36 month rental agreement Beginning date: June 3, 2014 1 - 2014 JBT Tech Commander 30i loader (New). | $10,813.13 |
| 2 | Core Transport Technologies LLC 6508 The Landings Dr. Orlando, FL 32812 | Debtor is the Customer in Web Services Agreement and Addendum, for use of CORE Scanners and related accessories, to support Debtor's contract obligations with USPS. | $6,756.95 |
| 3 | Delta Airlines 1030 Delta Boulevard Atlanta, GA 30354 | Airport Services Master Agreement dated November 6, 2014, Contract No. MA-2014-02487 Mail Handling Services Seattle Airport Annex December 1, 2014 to December 31, 2017. | |
| 4 | DHL Attn: Christopher Hamilton 9401 Cargo Avenue, Ste. A Austin, TX 78719 | Road - Feeder service between Austin and San Antonio, Texas airports, November, 2014 for 36 months. | |
| 5 | DHL Express Attn: Shane Clark Sen. Mgr. Of US Airside Operations 336 Wendell H. Ford Blvd. Erlanger, KY 41018 | Ground Handling Agreements for Austin, Texas Boeing Field, Seattle, Portland, Oregon Cancellation on 30 days' notice. | |

2

| | Contracting Party | Description of Contract | Cure Amount Due on Confirmation |
|---|---|---|---|
| 6 | Federal Express Corporation 1148 First Avenue North Billings, MT 59101 | Contract No. 04-0740-013, Aircraft Ground Handling Agreement, Billings, Montana Originally dated June 3, 2005; current extension expires August 31, 2016. | |
| 7 | Federal Transport Attn: Doreen Whetham Po Box 3714 Great Falls, MT 59403 | Material Handling Subcontract Great Falls, Montana, airport, month to month. | $13,452.09 |
| 8 | Landmark Aviation- Sioux Falls Attn: Jack Browning 3501 Aviation Avenue Sioux Falls, SD 57104-0197 | Material Handling Subcontract, Sioux Falls, South Dakota, airport, month to month. | $39,922.07 |
| 9 | Matheson Trucking, Inc. 100 Glen Carran Circle Sparks, NV 89431 | Professional Services Agreement between Matheson Trucking, Inc. and Matheson Flight Extenders, Inc., dated September 17, 2014. | |
| 10 | Non-Mail, Ocean & Rail Surface Transportation CMC United States Postal Service 1200 Mercantile Blvd., Suite 109 Largo, MD 20774-5389 | Consolidation Deconsolidation Facility Services Agreement; Contract No. 5BOCRA-12-B-0006 Cincinnati, Ohio; Contract No. 5BOCRA-14-B-0001; Portland, Oregon; Contract No. 5BOCRA-13-B-0005; Seattle, Washington October 1, 2015 to March 14, 2017. | |

| | Contracting Party | Description of Contract | Cure Amount Due on Confirmation |
|---|---|---|---|
| 11 | Terminal Handling Air Transportation CMC United States Postal Service 475 L'enfant Plaza, Sw, Room 1P650 Washington, DC 20260-0650 | Terminal Handling Services Contract Contract No. 5A-13-A-0009 Albuquerque, New Mexico Billings, Montana Boise, Idaho Charleston, West Virginia Cincinnati, Ohio Denver, Colorado Sioux Falls, South Dakota Spokane, Washington Great Falls, Montana Orlando, Florida Louisville, Kentucky Seattle, Washington Salt Lake City, Utah Tulsa, Oklahoma Tucson, Arizona May 31, 2014 to June 1, 2018, Opt. 2 year Extension, terminable on 60 days' notice by USPS. | |
| 12 | Terminal Handling Air Transportation CMC United States Postal Service 475 L'enfant Plaza, SW, Room 1P650 Washington, DC 20260-0650 | Terminal Handling Services Contract Contract No. 5A-12-A-0002 Anchorage, Alaska Las Vegas, Nevada Portland, Oregon Phoenix, Arizona Sacramento, California September 1, 2012 to September 4, 2014; optional 2 year ext. September 6, 2014 to September 2, 2016 Terminable on 60 days' notice by USPS. | |

3

4

| | Contracting Party | Description of Contract | Cure Amount Due on Confirmation |
|---|---|---|---|
| 13 | United Parcel Service Co.<br>8203 National Turnpike<br>Louisville, KY 40214 | (Executory Contract)<br>Transportation and Cargo Handling Services<br>Agreement<br>Billings, Montana<br>Charleston, West Virginia<br>Denver, Colorado<br>Salt Lake City, Utah<br>Originally dated July 22, 2008; current expiration is open ended, cancellation on 30 days' notice. | |

Matheson Flight Extenders, Inc.
Summary of Non-Residential Real Property Leases
Schedule A to Plan

| | Location | Landlord | Term | Cure Amount Due on Confirmation |
|---|---|---|---|---|
| 1 | 6200 Boeing Ave., Bldg B-2 Anchorage, AK 99502 | Alaska Cargoport, LLC | 5/1/2014 - 4/30/2016 | |
| 2 | 301 Eagle Mountain Road Charleston, WV 25311 | Central West Virginia Airport Authority | 6/1/2014 – 5/31/2018 | |
| 3 | 3720 Spirit Drive SE Albuquerque, NM 87106 | City of Albuquerque, Aviation Department | 12/11/2014 – 12/11/2018 | |
| 4 | 2425 E. Landstreet Rd. #200 Orlando, FL 32824 | DCT Boggy Creek FL LP | 6/1/2014 – for 48 months | |
| 5 | 1400 Air Cargo Road Great Falls, MT 59404 | Federal Express Corporation<br><br>*This is characterized as a License Agreement for Matheson Flight Extenders to use internal space designated by FedEx located on the premises leased by FedEx pursuant to that certain lease agreement dated 11/4/1999 between FedEx and Great Falls International Airport Authority. | 5/1/2014 – 4/30/2018 | |
| 6 | 1828 So. Perry Spokane, WA 99203 | John Miller | 2/5/2015 – 2/28/2020 | |
| 7 | 3650 E. Post Road, Suite D Las Vegas, NV 89120 | KTR Capital Partners | 5/1/2014 – 10/31/2016 | |

1

| | Location | Landlord | Term | Cure Amount Due on Confirmation |
|---|---|---|---|---|
| 8 | 4650 Air Freight Drive, Bays 2-7 Louisville, Kentucky 40209-0129 | Louisville Regional Airport Authority | 5/1/2015 – 4/30/2016 | |
| 9 | 2191 Overlook Drive Billings, MT 59105 | Pierce Leasing | 6/2/2014 – 6/1/2015 | $584.64 |
| 10 | 7425 NE Airtrans Way, #100 Portland, OR 97218 | Prologis, L.P. | 10/1/2014 – 9/30/2016 | |
| 11 | 588 So. Gladiola Street Salt Lake City, UT 84104 | Thomas P. Nielson & Assoc.  *Sublease from Matheson Postal, Inc. for Salt Lake City Shop | 49 months beginning 10/1/2012 – 10/31/2016 | |
| 12 | 2590 So. 156th St Seattle, WA 98168 | USPS  *as a Sublessor of Sea-Tac Air Cargo Limited Partnership, Lessor, acting by and through its general partner, Transiplex, a Washington Corporation | Initial term: 11/1/2009 – 4/11/2010; with renewal options | |
| 13 | Spokane Washington Airport | Spokane Airport Board 3707 S. Godfrey Boulevard, Suite 107 Spokane, WA 9924  *Use Agreement for access to east side area of Airport | Month to month | |
| 14 | 2600 E. Los Reales Road Tucson, AZ 85706 | Tucson Airport Authority | 6/1/2014 for 3 years | |

2

| | Location | Landlord | Term | Cure Amount Due on Confirmation |
|---|---|---|---|---|
| 15 | 2161 N. Cargo Road, Bldg. 2 Suite M Tulsa, OK 74115 | Tulsa Airports Improvement Trust | 6/1/2014 – 5/31/2018 | |

3