DAVIS GRAHAM & STUBBS LLP
Cecilia Lee, Esq.
Nevada Bar No. 3344
Elizabeth High, Esq.
Nevada Bar No. 10082
50 West Liberty Street, Suite 950
Reno, Nevada 89501
Telephone: 775.229.4219
Facsimile: 775.403.2187
Email: cecilia.lee@dgslaw.com
Email: elizabeth.high@dgslaw.com

Electronically Filed March 28, 2016

Attorneys for Reorganized Debtor Matheson Flight Extenders, Inc.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MATHESON FLIGHT EXTENDERS, INC.,<br><br>Debtor. | Case No.: BK-N-15-50541-BTB<br><br>Chapter 11 Case<br><br>**EX PARTE APPLICATION FOR ENTRY OF FINAL DECREE AND ORDER CLOSING CASE**<br><br>(NO HEARING REQUIRED) |

Pursuant to 11 U.S.C. §350, Fed. R. Bankr. Pro. 3022 and L.R. 3022, Reorganized Debtor Matheson Flight Extenders, Inc., by and through its counsel, Cecilia Lee, Esq., DAVIS GRAHAM & STUBBS LLP, requests that the Court enter a final decree and an order closing this case. In support of this Application, the Debtor submits the following memorandum of points and authorities and the attached supporting Declaration of Patty Kepner. ("Kepner Declaration"), the contemporaneously filed Reorganized Debtor's Final Status Report in Support of Ex Parte Application for Entry of Final Decree and Order Closing Case (the "Final Status Report"), the contemporaneously filed Notice of Claim Reconciliation in Support of Ex Parte Application for Entry of Final Decree and Order Closing Case (the "Claim Reconciliation"), and the papers and pleadings on file in this case of which the Reorganized Debtor asks the Court to take judicial notice. Fed. R. Evid. 201.

DAVIS GRAHAM & STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

4100453.1

This bankruptcy case was commenced by the filing of a voluntary chapter 11 petition on April 19, 2015. Docket No. 1. Debtor and its parent, Matheson Trucking, Inc. ("Trucking") jointly proposed a <u>Second Amended Plan of Reorganization</u>, as supplemented (the "Plan"). Docket Nos. 506 and 507, respectively. On December 28, 2015, this Court entered an <u>Order Confirming Second Amended Chapter 11 Plan</u> (the "Confirmation Order"). Docket No. 536.

In summary, the Plan provides for the continued operation of the Debtor and its business as the Reorganized Debtor. The Confirmation Order approved a Settlement Agreement entered into between the Debtor, Trucking and seven plaintiffs in the Colorado Litigation (referred to in the Plan as the "Stipulating Judgment Creditors"). Trucking made a New Value Contribution to the Reorganized Debtor, and payments were made to all classified unsecured creditors on the Effective Date in accordance with the Plan and the Confirmation Order, as outlined in greater detail in the Final Status Report. The Plan provides that the Classified Claims of unsecured creditors are to be paid over time, and the Reorganized Debtor is in the process of making the first periodic payment on these classified claims. Other steps necessary to effectuate the Settlement Agreement have also been made.

Pursuant to ¶ 8.10 of the Plan and consistent with the Bankruptcy Code, this Court retains jurisdiction to enter a final decree and order closing the case. Docket No. 506, p. 27. Moreover, the Plan provides that "[t]he estate shall be deemed fully administered upon the commencement of Distribution to Creditors as set forth herein, and a final decree may be entered in accordance with Fed. R. Bankr. Pro. 3022." <u>Id.</u>, ¶ 7.5, p. 22.

Since entry of the Confirmation Order, the Reorganized Debtor has performed its duties pursuant to Plan, has effectuated the Plan by making payments to creditors entitled to payment and by taking other necessary steps to effectuate the Settlement Agreement and dismiss the Colorado Litigation. <u>Kepner Declaration</u>.

The Reorganized Debtor made the payments required to Creditors on the Effective Date. <u>Id.</u>; <u>Final Status Report</u>.

The Reorganized Debtor has resolved all Proofs of Claim, reconciled its filed Schedules with filed Proofs of Claim, and reconciled its filed Schedules with information available after the

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

Schedules were last amended. These payments, resolutions and reconciliations are set forth in the <u>Final Status Report</u> and the <u>Claim Reconciliation.</u> <u>Kepner Declaration</u>.

Closing a case is governed by 11 U.S.C. §350(a), which provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." In turn, Fed. R. Bankr. Proc. 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." The 1991 Advisory Committee Note to Rule 3022 sets forth factors the Court should consider in determining whether the estate has been fully administered. These include (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been fully resolved. The Note further admonishes that entry of a final decree should not be delayed solely because all payments required under the plan have not been made.

The final source of authority on entry of an order closing a case and entry of a final decree is found in L.R. 3022, which states that "[u]nless other provided in the plan or by Court order, or unless there are pending contested matters or adversary proceedings, a case is deemed fully administered one hundred eighty (180) days after plan confirmation, and the Clerk may then enter a final decree without further notice."

L.R. 3022 indicates that a final decree may be entered in this case by the Clerk of the Court if more than 180 days have transpired since the Confirmation Order was entered, which is not the case here. Accordingly, the Reorganized Debtor submits this *ex parte* Application to close the case and enter the final decree because of the complicated interests resolved in the Confirmation Order, this Court's oversight and approval of the Settlement Agreement that formed the basis for the Chapter 11 Plan, and the nature of this Reorganized Debtor as an ongoing business that conducts business in many jurisdictions throughout the United States and

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

that employs up to 1,200 employees during its peak season and 600 regular employees for the balance of the year.

The Reorganized Debtor submits that all considerations necessary for closing the case are satisfied. The Confirmation Order has long since become final, having been entered approximately three months ago. No appeal from the Confirmation Order was taken. The transfer of funds necessary to make Effective Date payments to the Stipulating Judgment Creditors by Trucking occurred; the Reorganized Debtor made its Effective Date payments required under the Plan; the Reorganized Debtor has continued the active business of the Debtor as set forth in the Plan; payments to creditors have commenced; and all motions, contested matters and adversary proceeding have been fully resolved. No further purpose is served by this case remaining open.

In addition, closing the case avoids further accrual of quarterly fees to the United States Trustee pursuant to 28 U.S.C. § 1930. The Reorganized Debtor believes that it is current on its United States Trustee's fees and intends to file its final quarterly report pay any further fees that may be due for the fourth quarter of 2015 by April 20, 2016.

Accordingly, the Reorganized Debtor respectfully requests that a final decree be entered and this case be closed, effective no later than March 31, 2016.

DATED this 28th day of March, 2016.

DAVIS GRAHAM & STUBBS LLP

/s/ Cecilia Lee, Esq.
CECILIA LEE, ESQ.

APPROVED:

OFFICE OF THE U.S. TRUSTEE

By  /s/ William Cossitt, Esq.
WILLIAM COSSITT, ESQ.

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

4

## DECLARATION OF PATTY KEPNER

I, Patty Kepner, being first duly sworn, do hereby depose and say:

1. I am employed by Matheson Flight Extenders, Inc. as its financial officer.

2. I have been actively involved in the Reorganized Debtor's performance of its duties and obligations pursuant to the Plan and Confirmation Order.

3. Since entry of the Confirmation Order, the Reorganized Debtor has performed its duties pursuant to Plan, has effectuated the Plan by making payments to creditors entitled to payment and by taking other necessary steps to effectuate the Settlement Agreement and dismiss the Colorado Litigation.

4. The Reorganized Debtor made the payments required to Creditors on the Effective Date. These are set forth on the Final Status Report.

5. The Reorganized Debtor has resolved all Proofs of Claim, reconciled its filed Schedules with filed Proofs of Claim, and reconciled its filed Schedules with information available after the Schedules were last amended. These resolutions and reconciliations are set forth in the Final Status Report and the Notice of Reconciliation.

6. The Reorganized Debtor is preparing to make, or already has made, the periodic payments required under the Plan.

7. I believe the Reorganized Debtor is current on its United States Trustee's fees and intends to file its final quarterly report by April 20, 2016 and to promptly thereafter pay any further fees that may be due for the first quarter of 2016.

8. No further purpose is served by this chapter 11 case remaining open.

DATED this 28th day of March, 2016.

/s/ Patty Kepner
PATTY KEPNER

DAVIS GRAHAM &
STUBBS LLP
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 950
RENO, NEVADA 89501
(775) 229-4219

5